IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J.A. MASTERS INVESTMENTS, K.G. INVESTMENTS, and MARIO GONZALEZ, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-4367 |
| EDUARDO BELTRAMINI, | § § § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

J.A. Masters Investments, K.G. Investments, and Mario Gonzalez sued Eduardo Beltramini, asserting claims for breach of contract, fraud, unjust enrichment, and breach of fiduciary duties. (Docket Entry No. 1). The plaintiffs allege that Beltramini breached several agreements related to the sale of his business, Planet Futbol. The plaintiffs have moved to strike two of Beltramini's affirmative defenses and for the appointment of a receiver. (Docket Entry Nos. 12, 13). Beltramini has responded to the receivership motion. (Docket Entry No. 15).

Based on the motions, the response, the record, and the applicable law, the court grants the motion to strike, (Docket Entry No. 12), and denies the motion to appoint a receiver, (Docket Entry No. 13). The reasons are explained below.

**I.  The Motion to Strike**

In his answer, Beltramini asserts the following affirmative defenses:

1. Eduardo Beltramini would show that some or all of the [plaintiffs'] causes of action are barred by limitations.

2. Eduardo Beltramini would further show that [the plaintiffs'] causes of action are barred by the doctrine of "unclean hands."

(Docket Entry No. 5 at 4). The plaintiffs argue that those defenses must be stricken because they do not meet the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (Docket Entry No. 12).

As an initial matter, whether or how *Iqbal* and *Twombly* apply to affirmative defenses is unclear. The Fifth Circuit previously stated that affirmative defenses are subject to the same pleading requirements that apply to complaints. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). At that time, pleadings had to provide "fair notice." *Id.* The Supreme Court later clarified in *Iqbal* and *Twombly* that the pleading standard for complaints is higher than "fair notice," and that a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Since then, the Fifth Circuit "has not addressed whether *Twombly* and *Iqbal* effectively overruled *Woodfield*." *Morgan. v. Goodman Mfg. Co., L.P.*, No. 4:19-CV-00850, 2021 WL 1169390, at *9 (S.D. Tex. Mar. 10, 2021), *report and recommendation adopted,* No. 4:19-CV-00850, 2021 WL 1166756 (S.D. Tex. Mar. 26, 2021). The Fifth Circuit has, however, "indicated [that] the fair notice standard is the appropriate pleading standard for affirmative defenses" in cases after *Twombly* and *Iqbal*. *Patai v. Marquez Constr. & Maint.*, No. MO:19-CV-281-DC, 2021 WL 1432698, at *2 (W.D. Tex. Mar. 2, 2021). This court has followed that guidance and required defendants' pleadings to provide "fair notice." *See, e.g., Morgan,* 2021 WL 1169390, at *9 (collecting cases); *Patai*, 2021 WL 1432698, at *2 (collecting cases). Beltramini's affirmative defenses must provide "enough specificity or factual particularity to give 'fair notice' of the defense that is being advanced." *T.R.M. v. GlaxoSmithKline LLC,* No. 4:14-CV-00452, 2015 WL 12551485, at *2 (S.D. Tex. Aug. 21, 2015) (quoting *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008)); *Woodfield*, 193 F.3d at 362.

2

Beltramini's pleading does not provide factual allegations that support applying statutes of limitation or the unclean-hands doctrine to the plaintiffs' claims. Beltramini has not responded to the plaintiffs' motion to strike or otherwise sought leave to amend. Because Beltramini has not provided fair notice of his affirmative defenses, they are stricken. Beltramini may replead if he does so by June 18, 2021.

## II.   The Motion to Appoint a Receiver

The plaintiffs argue that, under their agreements with Beltramini, they are entitled to the following assets:

1. a business checking account ending in *4112 with Bank of America, used to conduct transactions on behalf of Planet Futbol, and other unspecified business checking accounts that may or may not exist;

2. the open and pending event contracts executed by Beltramini on behalf of Planet Futbol for future international soccer events; and

3. Beltramini's FIFA Match Agent License.

(Docket Entry No. 13 at 4). The plaintiffs have moved for the appointment of a receiver to maintain and protect those assets pending this lawsuit. (*Id.* at 5–6).

Receivership is an "extraordinary remedy." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 307 (5th Cir. 2012) (quoting *Strickland v. Peters*, 120 F.2d 53, 56 (5th Cir. 1941)). Courts appoint receivers "with the utmost caution and . . . only in cases of clear necessity to protect [a] plaintiff's interests in . . . property." *Accordant Commc'ns, LLC v. Sayers Constr., LLC*, No. A-19-CV-00401, 2020 WL 7496657, at *2 (W.D. Tex. Apr. 7, 2020) (quoting 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2983 (3d ed. 2012)). In determining if there is a "clear necessity" to protect a plaintiff's property interest, courts consider whether there is "an imminent danger that property will be concealed, lost, or diminished in value." *Id.* (quotation marks and brackets omitted).

3

The plaintiffs state that they cannot properly operate Planet Futbol without the assets at issue and that they will suffer irreparable harm if a receiver is not appointed. (Docket Entry No. 13 at 5). Beltramini argues that a receiver is not necessary because: (1) he closed the only business account that he previously used for Planet Futbol; (2) there are no open or pending events scheduled due to the COVID-19 pandemic; and (3) the parties' contract states that Beltramini would allow the plaintiffs to use his FIFA Match Agent License, Beltramini is willing and able to do so, but the plaintiffs have not asked for his assistance because the pandemic has paused the scheduling of soccer events. (Docket Entry No. 15 at 2–3). Beltramini has declared, under penalty of perjury, that the assets the plaintiffs seek either do not exist or are available to the plaintiffs. (Docket Entry No. 15-1).

The record does not show that the sought assets exist or that the plaintiffs will be irreparably harmed without the appointment of a receiver. The extraordinary remedy of receivership is not appropriate.

## III. Conclusion

The court grants the plaintiffs' motion to strike, (Docket Entry No. 12), and denies their motion to appoint a receiver, (Docket Entry No. 13).

SIGNED on May 13, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge