United States District Court
Southern District of Texas
**ENTERED**
August 15, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| J.A. MASTERS INVESTMENTS, K.G. INVESTMENTS, and MARIO GONZALEZ, <br><br> Plaintiffs, <br><br> v. <br><br> EDUARDO BELTRAMINI, <br><br> Defendant, <br><br> EDUARDO BELTRAMINI, <br><br> Counter Plaintiff, <br><br> v. <br><br> JEFFERSON CASTRO GUEVARA, <br><br> Counter Defendant, | CIVIL ACTION NO. H-20-4367 <br><br> CONSOLIDATED CASE: H-23-2150 |

**ORDER DENYING MOTION FOR RECONSIDERATION**

In July 2024, the counter plaintiff, Eduardo Beltramini, moved for the release of $50,000 from the court's registry in partial satisfaction of the $175,000 judgment debt owed by the counter defendant, Jefferson Castro Guevara. (Docket Entry No. 139). In response, Mr. Guevara moved to stay execution of the judgment pending appeal, effectively requesting that the court hold the $50,000 in its registry as a supersedeas bond. (Docket Entry No. 142). The court granted Mr. Beltramini's motion to release the funds and denied Mr. Guevara's request for a stay. (Docket Entry No. 146).

In the order, the court explained that Mr. Guevara could not supersede the judgment without posting a full bond under Federal Rule of Civil Procedure 62 because he had not

established that either of the two *Poplar Grove* exceptions applied.  *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979).  Mr. Guevara now moves for reconsideration of the order.  (Docket Entry No. 148).

In his motion to stay execution of the judgment pending appeal, Mr. Guevara argued that the second *Poplar Grove* exception applies because he would "suffer severe financial hardship" if required to post a full bond.  (Docket Entry No. 142 at 11).  Changing tack completely, Mr. Guevara now argues for reconsideration of the order based on the other *Poplar Grove* exception, reserved for judgment debtors who objectively demonstrate "a present financial ability to facilely respond to a money judgment and present[] to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal."  *Poplar Grove*, 600 F.3d at 1191.  Even excusing Mr. Guevara's apparent inconsistency about his financial state, his argument fails for five reasons.

First, the first *Poplar Grove* exception looks to the judgment debtor's "present financial ability."  *Id.*  But Mr. Guevara presents a plan based in large part on future transfers.  He states in his declaration that he is "willing to transfer the ownership of Planet Futbol Event Management back to Mr. Beltramini, which . . . has a value of $300,000.  (Docket Entry No. 148-1 at ¶ 4). Alternatively, he proposes "sell[ing] the company in order to pay on the debt." (*Id.*).  Neither plan satisfies his burden to prove a present financial ability.

Second, Mr. Guevara provides no documentation to support his assertions about the value of Planet Futbol Events or the profits he has allegedly made from promoting soccer events and "events of famous latin singers."  (*Id.* at ¶¶ 3–4).  *See Ebery v. Appel*, 2018 WL 10335464, at *2 (N.D. Tex. 2018) ("[I]rrefutable proof—in the form of audited financial statements, tax receipts, appraised value of real estate or other holdings, etc." is required to demonstrate financial ability).

2

Third, Mr. Guevara has not proposed a "form of guaranty of judgment responsibility" that would adequately protect Mr. Beltramini's interest in the judgment debt. *Poplar Grove*, 600 F.3d at 1191. Mr. Guevara has not explained how a bond of $50,000 would guarantee Mr. Beltramini's ability to collect the full $175,000 judgment debt.

Fourth, Mr. Guevara has not analyzed the relevant factors for determining whether to waive a bond, including "the complexity of the judgment process" and "the amount of time required to obtain a judgment after it is affirmed on appeal." *See Halliburton Energy Services, Inc. v. NL Indus.*, No. CIV. A. H-05-4160, 2008 WL 2787247, at *2 (S.D. Tex. July 16, 2008).

Fifth, Mr. Guevara's representation that he has "the financial means to pay on the judgment with the profits that [he] gain[s] from the social events that [he] hold[s] every year" suggests that the ordinary means of superseding the judgment—by posting a full bond—is appropriate. If Mr. Guevara has liquidity, but not so much "that the cost of a bond would be a waste of money," he should post the full bond that Rule 62 requires.

Mr. Guevara's motion for reconsideration is denied. (Docket Entry No. 148).

SIGNED on August 15, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge