United States District Court
Southern District of Texas
**ENTERED**
July 21, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| J.A. MASTERS INVESTMENTS, K.G. INVESTMENTS, § § § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. H-20-4367 |
| § | |
| EDUARDO BELTRAMINI, § | CONSOLIDATED CASE: H-21-2150 |
| § | |
| Defendant, § | |
| § | |
| EDUARDO BELTRAMINI, § | |
| § | |
| Counter-Plaintiff, § | |
| v. § | |
| § | |
| JEFFERSON CASTRO GUEVARA, § | |
| § | |
| Counter-Defendant. § | |

**MEMORANDUM OPINION AND ORDER ON ATTORNEYS' FEES**

This may be the last issue in this long-running dispute over accounting for profits and losses in financing and investing in professional soccer games and the sale of a soccer business. The dispute arose from a series of business dealings between the parties. Plaintiff and Counter-Defendants J.A. Masters Investments, K.G. Investments, and Jefferson Castro Guevara entered into contracts calling for Defendant and Counter-Plaintiff Eduardo Beltramini to manage a series of soccer matches, in which the J.A. Masters parties invested. The parties alleged that Beltramini had committed fraud in accounting for the proceeds of those soccer matches. In addition, Jefferson Castro Guevara entered into a Business Sales Agreement with Beltramini to purchase Beltramini's business, Planet Futbol. Castro Guevara paid only $125,000 of the $300,000 agreed purchase price. Castro Guevara alleged that Beltramini had breached the Business Sales Agreement by failing to comply with the terms requiring Beltramini to give Castro Guevara information

necessary for him to "step in the shoes" of Beltramini in operating the business. (Docket Entry No. 160-1 at 2). A major part of that information related to how soccer matches were operated, prices were negotiated, expenses were paid, and other aspects of promoting soccer matches at large stadiums and selling thousands of tickets for spectators to watch foreign soccer teams. Castro alleged that Beltramini had breached the Business Sales Agreement by, among other things, committing fraud.

The parties tried this case to a jury in May 2023. The jury found that Beltramini had committed fraud but that no damages resulted. The jury also found that Beltramini had not materially breached the contract to sell his business to J.A. Masters Investments, K.G. Investments, and Jefferson Castro Guevara. The jury found in favor of Beltramini on his breach of contract claims against J.A. Masters Investments, K.G. Investments, and Jefferson Castro Guevara. The court entered judgment on the verdict. (Docket Entry Nos. 109, 110).

The parties had agreed to have the court resolve the attorneys' fees issues. Beltramini is entitled to recover his attorneys' fees incurred on his breach of contract claim, but not on his fraud claim. The court has found that the hourly rate Beltramini's counsel has charged is reasonable. Indeed, Beltramini's counsel has shown that the $350 per hour they charged their client is less than the market rate for similar cases tried by counsel of similar experience. *See Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990) (the district court must select an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases) (quoting reference omitted); *Jane Roe/Rachel V. Rose v. BCE Technology Corp.* 2014 WL 1322979, at *3 (S.D. Tex. 2014) ("Courts in and around Houston have found hourly rates between $200 and $600 to be reasonable after considering the experience of the lawyer, the reputation of the firm, and the complexity of the case.")

The J.A. Masters parties do not challenge the reasonableness of the hourly rates charged by Beltramini's counsel. Nor do they challenge the reasonableness of the number of hours charged. The issue is whether Beltramini has sufficiently segregated the recoverable fees (on his breach of contract claim) from the fees that are not recoverable (on his fraud claim). (*See* Docket Entry No. 161 at 2-5).

Beltramini has submitted time and billing records showing that he incurred $103,705 in attorneys' fees. (Docket Entry No. 160-1 at 17). His attorneys spent a total of 182.6 hours working on his behalf. (*Id.*). This work included defending him against the fraud and breach of contract claims brought by the J.A. Masters parties arising from the professional soccer matches and the sale of his business, and in pursuing his counterclaim for breach of the contract to sell his business to the J.A. Masters parties. Beltramini argues that the fees he incurred for his attorneys' successful work on the breach of contract claims (which are recoverable) are inseparable from those he incurred for their successful work defending him against a damages verdict on the fraud claims. J.A. Masters disagrees and argues that Beltramini has failed to segregate.

The rule requiring segregation is subject to an exception that applies when claims for which fees are recoverable are so closely intertwined with claims for which fees are not recoverable as to make segregation impossible. *Kinsel v. Lindsey*, 526 S.W.3d 411, 427 (Tex. 2017). Beltramini argues that the work on the fraud allegations and the breach of contract allegations were intertwined so as to make it unfeasible to segregate the fees for each category of work. Beltramini's lawyers have submitted detailed affidavits that set out each billing statement presented to Beltramini. (Docket Entry No. 160-1). One of the affidavits identifies the entries for time that can be segregated because it involved the claims of Mario Gonzalez. (*Id.* at 3). The

3

other affidavit explains why the time spent on the fraud issues cannot be separated from the time spent on the breach of contract issues:

> Throughout the case, it was the theory, plan and strategy of Plaintiffs J.A. Masters Investments and K.G. Investments, and Jefferson Castro Guevara to claim that the amount on the contract was not due and owing because of the fraud and misrepresentations made to Guevara in the six soccer games.  Among other defenses, it was claimed that the purchase of the Planet Futbol business would not have been made if it were not for the fraud that had been committed upon Defendant Guevara in the six soccer games.  As such, Guevara placed the six soccer games in direct controversy as it related to the breach of contract of the Business Sales Agreement.  It was clear that since there were no complaints at all about the six games and the allocations of profits until the filing of the lawsuit, which was itself months after Guevara had breached the Business Sales Agreement, the alleged fraud in the handling of the soccer matches was the supposed legal excuse for not making good on his promise to pay.  Further Guevara claimed a material breach of the Business Sales Agreement for the sale of the Planet Futbol business because of the claimed failure to provide documentation and other information relating to those soccer matches.  The claim was that without the documentation from these matches, which was alleged to be fraudulently withheld or misrepresented, the purchaser Guevara was not able to step into the shoes of Beltramini and commence the business operation as would the former owner.

(Docket Entry No. 160-1 at 2).

The court finds that there was significant overlap between the legal issues and the factual evidence relating to the breach of contract claims and the fraud claims.  Both claims required the parties to present evidence about the written and spoken communications between them, the way soccer matches and the soccer business worked, and what the parties did or failed to do under the agreements between them.  When, as here, it is difficult to segregate fees for time spent on issues for which fees are recoverable from time spent on issues that do not permit a fee recovery, courts are permitted to estimate the separate amounts.  *Cf. Mansfield Heliflight, Inc. v. Bell/Agusta Aero. Co., LLC,* 2007 U.S. Dist. LEXIS 91694, at *24 (N.D. Tex. Dec. 12, 2004) (awarding adjusted attorney's fees amount based on the court's estimation of time devoted to successful versus unsuccessful claims); *Martinez v. Refinery Terminal Fire Co.*, No. 2:11-CV-00295, 2016 WL

4

4594945, at *4 (S.D. Tex. Sept. 2, 2016) (a court making this determination "has discretion" and is not bound by any "precise rule or formula for making the determination").

The court finds that roughly 20% of the time spent on the work done by Beltramini's attorneys should be allocated entirely to their successful defense of the fraud claims asserted against Beltramini relating to the Business Sales Agreement between him and Guevara. The remaining 80% represents the time the attorneys spent on the work defending against the defendants' intertwined breach of contract and fraud claims against Beltramini relating to the professional soccer matches and pursuing Beltramini's breach of contract claim against Guevara relating to the Business Sales Agreement.

Accordingly, the court reduces the $103,705 in total fees by 20% of that amount, which results in recoverable fees of $82,964. The court finds that this fee amount is based on a reasonable hourly rate and a reasonable number of hours spent on the claim and counterclaim in this case. The court has further considered the *Johnson* factors, *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989), and determines that no further adjustment to the fee award is justified or required.

SIGNED on July 21, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge